Dear Mr. Lawrence:
As counsel for Morehouse Parish Hospital Service District No. 1 (the "District"), you have requested the opinion of this office regarding the authority of the District to impose an additional repayment penalty or obligation to a Nursing Scholarship Program contract and which would be in addition to the repayment obligations provided for in R.S. 46:1138(A). The District currently participates in the Nursing Scholarship program authorized by R.S. 46:1131 et seq., wherein the District awards scholarships to eligible students admitted to or engaged in the study of nursing at an accredited school of nursing located in Louisiana. Any applicant selected enters into a contract with the District agreeing to certain terms including the requirement that, upon completion of the nursing program, the student will practice nursing within the hospital district. Failure to comply fully with any contract conditions subjects the applicant to the recovery and remittance provisions set forth in 46:1138.
According to your request, the District has found that the default provisions of 46:1138 have not been sufficient in deterring scholarship recipients, upon completion of their course of study, from intentionally defaulting on or ignoring the terms of the scholarship contract and accepting nursing jobs elsewhere, including employment in adjacent Ouachita Parish. Healthcare providers in the adjacent areas, who are in direct competition with the District, have leeway to pay signing bonuses, pay off a nurse's student loan obligations and provide other like incentives. These types of option incentives are legally unavailable to the District due to the constraints of ArticleVII, Sec. 14 of the Louisiana Constitution of 1974.
The Hospital's Board of Commissioners believes that the best strategy and hope of hiring and retaining qualified nursing staff in the District is to use nursing scholarships authorized by46:1131 et seq., to develop a corp of nurses and future nursing recruits who are residents of Morehouse Parish. *Page 2 
To accomplish this goal the District would like to add an additional default penalty not otherwise authorized in R.S.46:1138 in hopes of discouraging scholarship recipients from completing their studies and, rather than comply with the contract by entering into practice within the area of the hospital district, seeking employment in other areas.
Specifically, you request clarification from our office on whether an additional default payment provision in the form of a penalty of 25% of the first year's salary from the highest compensation level for a Staff R.N. at Morehouse General Hospital can be included in the contract.
Pursuant to R.S. 46:1131 the governing authority of each hospital service district may establish and administer a nursing scholarship program for the purpose of "increasing the educational opportunities available to nursing students who will practice nursing in an area of the hospital district approved by the board of commissioners." The program may award nursing scholarships to residents or former residents of the district who are admitted or engaged in the study of nursing at an accredited school of nursing located in the state and who contract to practice nursing in the district or parish. Each scholarship shall be awarded for the purpose of defraying the costs of tuition and other related expenses and cost for attendance at nursing school.
R.S. 46:1136 provides for the requirement that a contract be entered into between the District and the scholarship applicant. R.S. 46:1138 provides the remedy available to the District should the scholarship recipient fail to comply with any condition set forth in the contract and provides as follows:
 A. If the recipient fails to comply fully with any condition as provided for by this contract, the recipient shall remit to the board of commissioners that amount which bears the same ratio to the aggregate of the amount of the scholarship awarded as the number of months that the recipient failed to comply with this condition bears to the number of months he was obligated to comply. Said amount shall be computed together with interest at the legal rate, such interest to be computed from the date on which the recipient completed professional training, and active military service, if any. Such repayment shall be completed within four years from the date at which the scholarship began to draw interest.
 B. The permanent withdrawal or dismissal of a recipient from nursing school shall forfeit immediately the right of the recipient to retain the scholarship; the scholarship shall begin to bear interest at that time and repayment shall be made to the board and completed within four years.
 C. Any recipient of a scholarship who fails to return to the area designated by the board upon completing of nursing training shall begin repayment of the scholarship, with interest, within six months after completion of nursing *Page 3 
training. Repayments shall be made to the board and completed within four years.
 D. Any obligation to comply with such contract shall be cancelled upon the death of the recipient, upon receipt of a certified copy of the death certificate by the board, or upon the permanent and total disability of the recipient.
In our opinion, the provisions of LSA-R.S. 46:1131 et seq. and specifically, R.S. 46:1138, do not grant a hospital service district the authority to impose an additional penalty or obligation to a scholarship contract other than as set forth in the statute. R.S. 46:1138 provides the exclusive remedy available to the district in the event of default by the scholarship recipient.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: _________________________
 RICHARD L. McGIMSEY
 Assistant Attorney General